UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RAY L.,[1]
   *Plaintiff*,

v.

COMMISSIONER OF SOCIAL
SECURITY,[2]
   *Defendant.*

No. 3:23-cv-70 (VAB)

**RULING AND ORDER ON MOTION TO REVERSE THE DECISION OF THE COMMISSIONER AND MOTION TO AFFIRM THE DECISION OF THE COMMISSIONER**

Ray L. ("Plaintiff") has filed this administrative appeal under 42 U.S.C. § 405(g) against Kilolo Kijakazi, the Acting Commissioner of Social Security ("Defendant" or "the Commissioner"), seeking to reverse the decision of the Social Security Commissioner's denial of his claims under Title II of the Social Security Act. *See* Compl., ECF No. 1.

Plaintiff moved for judgment on the pleadings arguing that the Commission erred at Step Five and the decision should be vacated and remanded, while the Commissioner moved for an order affirming the decision. *See* Pl. Mot. for J. on the Pleadings, ECF No. 15; Def. Mot. for and Order Aff'ing the Decision of the Comm'r, ECF No. 21.

---

[1] In light of the privacy concerns outlined in the District of Connecticut's Electronic Filing Policies and Procedures, for purposes of this Ruling and Order, the Plaintiff will be identified only by her first name and last initial. *See* United States District Court for the District of Connecticut, Electronic Filing Policies and Procedures 7-8 (Jan. 9, 2023).

[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Under Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken. 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

On November 17, 2023, United States Magistrate Judge Maria E. Garcia issued a ruling recommending that the Court affirm the decision of the Administrative Law Judge ("ALJ") in Plaintiff's case. Recommended Ruling on Pending Motions, ECF No. 31 ("Rec. Ruling").

On December 1, 2023, Plaintiff formally objected to the Recommended Ruling. *See* Pl. Obj. to Recommended Ruling, ECF No. 33 ("Pl. Obj.").

On January 5, 2024, the Commissioner responded to Plaintiff's objection. *See* Def. Resp. to Pl. Obj. to the Magistrate Judge's Report and Recommendation, ECF. No. 37. The underlying facts of this case are fully set forth in the Recommended Ruling.

Rule 72(b)(3) of the Federal Rules of Civil Procedure and Local Rule 72.2(b) of the Local Civil Rules of the United States District Court for the District of Connecticut require the Court to review *de novo* any sections of the Recommended Ruling to which any party properly objects. Plaintiff has objected to the Recommended Ruling.

For the reasons outlined below, the Recommended Ruling is **ADOPTED** in its entirety, and for the well-stated reasons provided in the Recommended Ruling, Plaintiff's Motion for Judgment on the Pleadings is **DENIED** and Defendant's Motion to Affirm the Commissioner's Decision is **GRANTED**. The decision of the Commissioner is **AFFIRMED**.

I.  **Factual Background**

The Court assumes familiarity with the facts of the case. *See* Rec. Ruling.

II.  **Procedural History**

The Court assumes familiarity with the procedural history of the case. *See id.*

III.  **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court reviewing a disability determination "must determine whether the Commissioner's conclusions 'are supported by substantial evidence in the

record as a whole or are based on an erroneous legal standard.'" *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quoting *Beauvoir v. Chater*, 104 F.3d 1432, 1433 (2d Cir. 1997)); *see also Moreau v. Berryhill*, No. 3:17-CV-396 (JCH), 2018 WL 1316197, at *3 (D. Conn. Mar. 14, 2018) ("[T]he court may only set aside the ALJ's determination as to social security disability if the decision 'is based upon legal error or is not supported by substantial evidence.'" (quoting *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998))).

"Substantial evidence is 'more than a mere scintilla.'" *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012) (per curiam) (quoting *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran*, 569 F.3d at 112 (quoting *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008)). It is a "very deferential standard of review—even more so than the 'clearly erroneous' standard." *Brault*, 683 F.3d at 448 (citing *Dickinson v. Zurko*, 527 U.S. 150, 153 (1999)).

## IV. DISCUSSION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled under the Social Security Act, an ALJ must perform a five-step evaluation. As the agency explains:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled . . . ;
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration

      requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled . . . ;

          (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled . . . ;

          (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled . . . ;

          (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled . . . .

20 C.F.R. § 404.1520(a)(4).

      Plaintiff raises two objections to the Recommended Ruling: (1) that the ALJ erred in how it relied on the vocational expert's testimony, and (2) that Judge Garcia "apparent[ly] shift[ed]" the Commissioner's burden at Step Five back to the Plaintiff.

      The first objection largely repeats arguments made before Magistrate Judge Garcia. *See Johnston v. Colvin*, No. 3:13-CV-00073 (JCH), 2014 WL 1304715, at *1 (D. Conn. Mar. 31, 2014) ("Where the objecting party simply reiterates her original argument, the court reviews the Magistrate Judge's recommended ruling only for clear error." (citing *Pall Corp. v. Entegria, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) and *Burgos v. Astrue*, No. 3:09-CV-1216 (VLB), 2010 WL 3829108, at *1 (D. Conn. Sept. 22, 2010))).

      Nevertheless, the Court will address both arguments raised.

    **A. Vocational Expert's Testimony**

   "[A] vocational expert is not required to identify with specificity the figures or sources supporting his conclusion, at least where he identified the sources generally." *McIntyre v.*

*Colvin*, 758 F.3d 146, 152 (2d Cir. 2014); *see Biestek v. Berryhill*, 139 S.Ct. 1148, 1155 (2019) ("[A] vocational expert's testimony may count as substantial evidence even when unaccompanied by supporting data.").

While "Plaintiff does not disagree significantly with the statement of law . . . as contained in the recommended ruling[,]" he argues that the recommended ruling should not have adopted *Crespo* and its "progeny" because *Crespo* relies on *Bayliss* and "*Bayliss* misstates the law and misstates it badly." Pl. Obj. at 4–5 ("*Bayliss* should not be used as precedent as it is based on a wholly incorrect statement of the law."). As to any reliance on vocational expert testimony, Plaintiff argues the following:

> The regulation also has a subsection (e) that notes that if there is an issue with transferable skills or other complex issue, the Commissioner may use a vocational expert. It does not say that a vocational expert's "recognized expertise" "provides the necessary foundation for his or her testimony" and, thus, "no additional foundation is required". Nor does it say that the ALJ may take administrative notice of any reliable job information, including information provided by a VE. In fact, the regulation does not touch the rules of evidence and, in particular, with regard to any expert testimony the necessity for testimony, under oath, with a proper foundation laid to satisfy the need for relevancy and materiality; if the evidence and opinions do not have a proper foundation on which to find such testimony reliable, the testimony is probably not admissible. Evidence unsupported by proper foundation is not deemed to satisfy the substantial evidence standard by virtue of a fourteen year serial misstatement of the federal regulations and, therefore, the law by the Ninth Circuit.

Pl. Obj. at 6–7.

The Court disagrees.

There is nothing inconsistent with the legal analysis undertaken in the Recommended Ruling and the Second Circuit's ruling in *McIntyre*, or the Supreme Court's subsequent ruling in *Biestek*. Indeed, that analysis is consistent with other rulings in this District. *See, e.g., Stonick v.*

5

*Saul*, No. 3:19-CV-01334 (TOF), 2020 WL 6129339, at *18 (D. Conn. Oct. 19, 2020) ("Other courts in this district have held . . . that a VE does not need to provide her sources for job incidence data."); *Stacey M. F. v. Kijakazi*, No. 3:20-CV-01910 (VAB), 2022 WL 970092, at *21 (D. Conn. Mar. 31, 2022) ("[A] vocational expert's failure to identify their sources does not preclude the existence of substantial evidence for an ALJ's conclusion.").

Accordingly, this alleged basis does not provide a sufficient basis for not adopting Judge Garcia's ruling and recommendations.

### B. Burden at Step Five

"The plaintiff's second objection to the recommended ruling is the apparent shifting by the court of the Commissioner's burden at Step Five back to the plaintiff." Pl. Obj. at 7–8. Plaintiff seems to argue that this was a misapplication of the law:

> Other courts have also suggested a shifting burden of proof. These cases seem to suggest that the issue with regard to a VE not stating the basis for their job incidence data is an argument of unsatisfied curiosity ("hey, you were there; you could have asked"). The issue with regard to testimony by the VE as to the foundation for their evidence and the assumptions on which they have relied for job incidence data, is that independent of the plaintiff or his representative, the ALJ continues to have the obligation rely only on substantial evidence in denying an application for disability, and must ensure that the evidence is reliable and therefore substantial, regardless of the plaintiff and his representative. To the extent that these cases suggest that not asking the question acts as a tacit pass for the Commissioner from the obligation to make sure the evidence is reliable, "[A]n applicant 'cannot waive the substantial evidence standard'."

*Id.* (citing *Stacey Mf v. Kijakazi*, No. 3: 20-CV-01910 (VAB) (D. Conn. Mar. 31, 2022) and *Ramos v. Berryhill*, No. 3: 18-cv-1082 (VAB) (D. Conn. Aug. 5, 2019) and quoting *Biestek*, 139 S. Ct. at 1155).

The Court disagrees.

6

Again, there is nothing inconsistent with the legal analysis undertaken in the Recommended Ruling and binding precedent. As the Supreme Court stated in *Biestek*: "[e]ven without specific data, an applicant may probe the strength of testimony by asking an expert about (for example) her sources and methods – where she got the information at issue and how she analyzed it and derived her conclusions. . . . And even without significant testing, a factfinder may conclude that testimony has sufficient indicia of reliability to support a conclusion about whether an applicant could find work." 139 S. Ct. at 1156–57. The Supreme Court in *Biestek* stated that "a vocational expert's testimony may count as substantial evidence even when unaccompanied by supporting data" and then further noted:

> But if that is true, why should one additional fact—a refusal to a request for that data—make a vocational expert's testimony categorically inadequate? Assume that an applicant challenges our hypothetical expert to turn over her supporting data; and assume the expert declines because the data reveals private information about her clients and making careful redactions will take a fair bit of time. Nothing in the expert's refusal changes her testimony (as described above) about job availability. Nor does it alter any other material in the record. So if our expert's opinion was sufficient—i.e., qualified as substantial evidence—before the refusal, it is hard to see why the opinion has to be insufficient afterward.

*Id*. at 1156; *see also McIntyre v. Colvin*, 758 F.3d 146, 152 (2d Cir. 2014) ("[W]e conclude that the vocational expert was not required to articulate a more specific basis for his opinion, and the ALJ reasonably credited this testimony, which was given on the basis of the expert's professional expertise and clinical judgment, and which was not undermined by any evidence in the record.").

Accordingly, this alleged basis does not provide a sufficient basis for not adopting Judge Garcia's ruling and recommendations.

## V.     CONCLUSION

For the foregoing reasons, Magistrate Judge Garcia's Recommended Ruling is hereby **ACCEPTED**, over objection. Plaintiff's Motion to Reverse the Decision of the Commissioner is **DENIED**, and Defendant's Motion to Affirm the Commissioner's Decision is **GRANTED**.

The Clerk of Court is respectfully directed to close the case.

**SO ORDERED** at New Haven, Connecticut, this 22nd day of March, 2024.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge